## G. A. Crancer Company, Plaintiff in Error, v. C. P. Williams et al., Defendants in Error.

### Gen. No. 19,614.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 24, 1915.

### Statement of the Case.

Action of replevin by the G. A. Crancer Company, against C. P. Williams, C. L. Williams and Werner Bros. Express and Storage Company to recover a piano sold by plaintiff to C. L. Williams under a conditional sale contract which contained a provision prohibiting the removal of the piano from the residence of the purchaser in Norfolk, Nebraska, without the vendor's consent. The piano was removed without such consent and placed with the Storage Company in Chicago. Later defendant C. P. Williams brought at-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tachment proceedings against C. L. Williams, and claimed to have obtained a judgment *in rem,* and a special execution thereon under which the piano was levied on and sold, he bidding in the property and leaving it in charge of the Storage Company.

Thereupon the plaintiff commenced a replevin proceeding to recover the piano. The Storage Company was dismissed out of the case. On trial without a jury the court found that the right of possession of the property replevied was not in the plaintiff and entered judgment for one cent damages and costs in favor of C. P. and C. L. Williams and awarded the writ of *retorno habendo,* from which judgment plaintiff prosecutes error.

J. W. SUTTON, for plaintiff in error; MARTIN L. WILBORN, of counsel.

ERIC WINTERS, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. REPLEVIN, § 152*—*when joint judgment for defendants erroneous.* In a replevin proceeding by the vendor against the purchaser of personalty under a conditional sale contract and one claiming title thereto under an execution sale on judgment against such purchaser, a joint judgment for damages in favor of the defendants is erroneous, since if the execution purchaser obtained title under the execution sale he alone was damaged by the detention of the property under the replevin writ.

2. COSTS, ——*when judgment in favor of nonappearing party erroneous.* A judgment for costs in favor of a defendant who entered no appearance is erroneous.

3. EXECUTION, § 206*—*when purchaser claiming under must prove judgment.* Where in an action of replevin by the vendor of personalty the defendant claims title under an execution sale upon

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a judgment against the vendee, he must prove the existence of the judgment upon which the execution issued, and proof of the execution alone will not suffice.

4. JUDGMENT, § 692*—*what evidence insufficient to prove existence of.* The introduction in evidence of the "half sheet," a term used in the Municipal Court to designate the record of its proceedings including the judgment, which consists of a jumble of letters conveying no meaning unless explained, is insufficient to prove the existence of a judgment, especially where no explanation was offered.

5. JUDGMENT, § 242*—*when entry invalid.* A record consisting of a jumble of figures conveying no meaning unless explained is invalid as an entry of judgment under *Stein v. Meyers,* 253 Ill. 199, and subsequent decisions.

6. SALES, § 436*—*rights of bona fide purchaser from vendee on conditional sale.* Where a conditional sale is made and the vendor retains the title in himself, but delivers the chattel to the vendee so as to clothe him with apparent ownership, the bona fide purchaser or execution creditor of the latter is entitled to be protected as against the claim of the original vendor.

7. EXECUTION, § 193*—*when attaching creditor becomes an execution creditor.* An attaching creditor becomes an execution creditor after sale on execution, and consequently the principles governing the rights of attaching creditors are inapplicable after sale on execution.

8. EXECUTION, § 193*—*when purchaser at own sale a bona fide purchaser.* The execution creditor of a purchaser of personalty under a conditional sale contract is not prevented from being a bona fide purchaser as against the original vendor merely because he was a purchaser at his own execution sale.

9. SALES, § 436*—*when execution creditor of vendee of conditional sale contract protected.* Where the vendor under a conditional sale contract vested the purchaser with the *indicia* of ownership he cannot, as against a bona fide purchaser on execution against the vendee under said contract, contend that since the latter had no title the execution purchaser acquired none.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.